1  BENJAMIN B. WAGNER
United States Attorney
2  KEVIN C. KHASIGIAN
Assistant U. S. Attorney
3  501 I Street, Suite 10-100
Sacramento, CA 95814
4  Telephone: (916) 554-2700

5  Attorneys for the United States

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 UNITED STATES OF AMERICA, | 2:12-MC-00013-GEB-GGH |
| 12    Plaintiff, | CONSENT JUDGMENT OF FORFEITURE |
| 13    v. | |
| 14 APROXIMATELY $35,000.00 in U.S. CURRENCY, | |
| 15 | |
| 16    Defendant. | |

17

18        Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

19        1.        On September 2, 2011, the defendant approximately $35,000.00 in U.S.

20  Currency ("defendant currency") was seized at the Sacramento Executive Airport on

21  Freeport Boulevard in Sacramento, California.  The defendant currency was seized

22  from Edwin Movagharian's satchel bag after he landed his private plane at the

23  Sacramento Executive Airport.  The Drug Enforcement Administration ("DEA")

24  commenced administrative forfeiture proceedings, sending direct written notice to all

25  known potential claimants and publishing notice to all others.  On or about November

26  29, 2011, the DEA received a claim from Edwin Movagharian asserting an ownership

27  interest in the defendant currency.

28        2.        The United States represents that it could show at a forfeiture trial that

1

Consent Judgment of Forfeiture

on September 2, 2011, DEA agents observed the private aircraft land at Sacramento Executive Airport and taxi to the Sacramento Executive Jet Terminal.  Movagharian then disembarked the plane with a small bag in his hand, at which point DEA agents approached Movagharian and identified themselves as law enforcement agents. Movagharian spoke with agents who subsequently searched the bag and discovered the $35,000.00 in bundled cash (the "defendant currency") in Movagharian's bag.

3.      The United States could further show that while at the airport, DEA agents requested a drug dog from the California Highway Patrol ("CHP").  The United States asserts that the CHP drug dog positively alerted to the presence of the odor of narcotics on the defendant currency and the original bag containing the defendant currency.

4.      The United States asserts that it could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

5.      Without admitting the truth of the factual assertions contained above, Edwin Movagharian specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Edwin Movagharian agrees that an adequate factual basis exists to support forfeiture of the defendant currency.  Edwin Movagharian hereby acknowledges that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the United States with regard to the forfeiture of the defendant currency, Edwin Movagharian shall hold harmless and indemnify the United States, as set forth below.

6.      This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

7.      This court has venue pursuant to 28 U.S.C § 1395, as this is the judicial district in which the defendant currency was seized.

2

8.      The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

9.      The court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

10.     Upon entry of this Consent Judgment of Forfeiture, $25,000.00 of the $35,000.00 in U.S. Currency, together with any interest that may have accrued on that amount, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

11.     Upon entry of this Consent Judgment of Forfeiture, but no later than sixty days thereafter, $10,000.00 of the $35,000.00 in U.S. Currency, together with any interest that may have accrued on that amount, shall be returned to potential claimant Edwin Movagharian through attorney Janet Sherman.

12.     Plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as those now known or disclosed.  The parties waived the provisions of California Civil Code § 1542.

13.     Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant currency and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

14.     No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action.

///

3

Consent Judgment of Forfeiture

15.     All parties will bear their own costs and attorneys' fees.

IT IS SO ORDERED.

**Date:  5/11/2012**

_____
GARLAND E. BURRELL, JR.
United States District Judge

### CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

DATED: 5/11/12                                  _____
                                                           United States District Judge

4